### BAZILIE FUSELIER, Wife, &c., v. J. D. BABINEAU.

Equity will not permit the plaintiff and her husband to obtain a judgment against the surety of the tutrix, without accounting for so much of the funds of the plaintiff as were diverted to pay the individual debt of the tutrix and her husband to the plaintiff's husband. The husband is a co-plaintiff in this suit, and it has been shown that the funds of the minor have been received by him in payment of a debt due to him individually by plaintiff's tutrix and her husband.

The judgment against the principal debtor has not the force and effect of the thing adjudged against the surety. It is *prima facie* evidence against him, but the surety is at liberty to show errors and mistakes in the judgment, as well as to show that it was obtained by fraud.

APPEAL from the District Court, Fourteenth District, Parish of St. Martin. *Simon* and *Mouton*, for plaintiffs. *Olivier* and *De Blanc*, for defendants.

MERRICK, C. J. The plaintiff is the granddaughter of *Julie Ozenne.* Her father died in the year 1837, having survived his wife, *Melanie David*, the daughter of *Julie Ozenne*, who had *Simon David* for her first husband. In the year 1838, *Julie Ozenne*, who had, after the death of *Simon David*, married *Ursin Ozenne*, was appointed tutrix to the plaintiff. She gave bond in the sum of $30,000, with the defendant and *Antoine Beauvais* as her sureties.

The plaintiff having married *Gabriel Fuselier*, who appears to have been the cousin of the plaintiff, and being thereby emancipated by marriage, instituted her action against her grandmother and *Ursin Ozenne*, to compel them to render an account. The suit was brought in the parish of Pointe Coupée, and was not defended on the part of the grandmother and her husband further than

to sign a general denial, which was prepared for them by the plaintiff's counsel in that case, and filed by him as answer to the suit. The plaintiff, on the *ex parte* trial thus obtained, had judgment for $27,072 83. Having made only $18,984 09 on execution against her grandmother, she brings this suit against the defendant, as surety on the bond of the tutrix, to recover of him the remainder of the judgment.

In the interval between the appointment of *Julie Ozenne* as tutrix and the institution of the suit against her to compel her to render her account, she and her husband being embarrassed, placed in the hands of *L. Janin*, the attorney of the tutrix of *Gabriel Fuselier*, the plaintiff's husband, he then being a minor, certain claims due the plaintiff, which were to be collected by *Janin*, and appropriated to extinguish a debt due by *Ozenne* and wife to *Gabriel Fuselier* and certain other creditors of *Ozenne* and wife. Accordingly *Mr. Janin* having collected, among other assets, in 1838, for *Mrs. Ozenne*, as tutrix of the plaintiff, $2484 51, applied it to the notes which *Ozenne* and wife individually owed to the minor *Gabriel Fuselier*, who afterwards became the plaintiff's husband.

Judgment was rendered in the lower court against the defendant in this suit, allowing him, however, a credit on account of commissions due the tutrix, and for the maintenance of the minor, which had not been allowed in the judgment against the tutrix, and also allowing a credit for the amount made on execution. By reference to the pleadings filed since the judgment was rendered against the defendant, and by the execution issued since the devolutive appeal was taken in this case, there is great reason to think that *Julie Desire Beauvais*, wife of *Hiliare Gradnigo*, and sole and unconditional heir of *Antoine Beauvais* the co-surety of the defendant, together with her husband, is the proprietor of this claim now in suit against *Babineau*. If such is the case, it is evident that a portion of plaintiff's demand has been extinguished by confusion.

The testimony of *L. Janin*, although not referred to in the minutes of the testimony, has been used by counsel on both sides, and referred to in their briefs, and we have considered it.

We do not think that equity will permit the plaintiff and her husband to obtain judgment against the surety of her tutrix without accounting for so much of the funds of the plaintiff as were diverted to pay the individual debt of the tutrix and her husband to the plaintiff's husband. He is a party, as plaintiff, in this suit, and it is shown, as we think, by the testimony, that the funds of the minor have been received by him to pay a debt due by persons who had no just right to make such an appropriation.

It is true that this appropriation was made by the intervention of others, but that does not change its character. The fund, by the acts of *Gabriel Fuselier's* agents, is in his hands, and he ought to be held to account for it to his wife as having received so much of her estate. He, so far as the record informs us, administers his wife's estate, and we see no reason why he should not be treated in this respect as an administrator of a succession who is indebted to it.

An administrator is not compelled to collect the debt of himself, which would be absurd; but he is charged directly with so much money in his hands due the estate, and so we think both the wife and third parties, who have the right of subrogation to her rights, are authorized to consider the husband who has funds belonging to her. We cannot stand by and see the funds belonging to minors and creditors misapplied to the prejudice of sureties, particularly where

we have the parties benefited by such misapplication before us jointly in the demand against the surety.

It has been objected that, in the absence of any charge of fraud, there are no sufficient allegations in the defendant's answer to justify the court in inquiring into the basis upon which the judgment against *Ozenne* and wife was rendered. It is true there is no charge of fraud made in the answer, but it is alleged that the judgment was rendered *ex parte*, and for a much larger amount than plaintiff is entitled to. We do not understand the judgment against the principal debtor to have the force and effect of the thing adjudged against the surety. It is *prima facie* evidence against him, but the surety is at liberty to show errors and mistakes in the judgment as well as to show that it was obtained by fraud.

We think that justice requires that this case should be remanded, and that leave should be granted to the defendant to amend and claim a credit for such sums as *Gabriel Fuselier* has received by the transfer of claims from, or by collections on demands belonging to the estate of his wife under the administration of her tutor, and also leave to allege and prove any confusion which may have taken place by the purchase by *Mrs. Gradnigo* of the plaintiff's demand. We leave open for a new trial the plea of *res judicata*, set up by the defendant as to *Mrs. Ozenne's* interest in the succession of *Judge Adolphe Fuselier*, deceased.

It is, therefore, ordered, adjudged and decreed by the court that the judgment of the lower court be avoided, reversed and annulled, and that this cause be remanded for a new trial, with leave to the defendant to amend in conformity to the views herein expressed.